IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00961-REB-BNB

VIDA F. NEGRETE, as conservator for EVERETT E. OW, an individual, and on behalf of all other persons similarly situated,

    Plaintiff,

v.

ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, a Minnesota Corporation,

    Defendant.

## PROTECTIVE ORDER

Upon Brokers' Choice of America, Inc.'s showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which could improperly annoy, embarrass, or oppress Brokers' Choice of America in providing discovery in this case, IT IS HEREBY ORDERED:

1.    This action, Civil Action No. 06-cv-00961-REB-BNB, has been filed to obtain documents and information relative to a case pending in the United States District Court, Central District of California, Western Division, Case No. CV 05-6838 (CAS)(MAN), entitled: *Vida F. Negrete, as conservator for Everett E. Ow, an individual, and on behalf of all other persons similarly situated v. Allianz Life Insurance Company*

*of North America, a Minnesota Company*, the Honorable Judge Christina A. Snyder and Magistrate Judge Margaret A. Nagle presiding.

2. On May 16, 2006, Magistrate Judge Nagle entered a Stipulated Protective Order Regarding Confidential and Trade Secret Information in the aforementioned litigation ("original Protective Order"). On July 3, 2006, the parties to the aforementioned litigation signed and filed an Amended Stipulation and Protective Order Regarding Confidential and Trade Secret Information ("Amended Order") with Magistrate Judge Nagle.

3. This Protective Order is being entered because this Court has jurisdiction over Brokers' Choice of America and to provide it with an enforcement mechanism in the event of a violation of this Protective Order, the original Protective Order and/or the Amended Order entered in the aforementioned litigation. This Protective Order shall apply to all confidential documents, materials, and information produced by Brokers Choice of America, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed by Brokers Choice of America pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

3. As used in this Protective Order, "document" is defined as provided in Fed.R. Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

4. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of:

  (a) information that constitutes a trade secret in accordance with Colorado Revised Statutes, §7-7-102;

  (b) financial or actuary projections, analyses or studies reflecting current or future experience or actions;

  (c) non-public communications with regulators, Departments of Insurance or other governmental bodies that are intended to be kept confidential and/or are protected from disclosure by statute or regulation;

  (d) information, materials, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information, which, if disclosed, would result in prejudice or harm to the disclosing party; and,

  (e) policyholder-specific information.

CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of the aforementioned litigation.

  5. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

  (a) attorneys actively working on this case;

 (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

 (c) the parties, including the plaintiff's mother and designated representatives for the entity defendants;

 (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

 (e) the Court and its employees ("Court Personnel");

 (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

 (g) deponents, witnesses, or potential witnesses; and,

 (h) other persons by written agreement of the parties.

6. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In

connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to Brokers Choice of America, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide Brokers Choice of America and all parties with an affidavit confirming the destruction.

11.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

12.     This Court shall have jurisdiction over any disputes regarding this Protective Order and over any alleged violation of the Protective Order by parties or non-parties as it relates to Brokers' Choice of America, Inc.'s production of confidential information.  The parties to the aforementioned litigation pending in California acknowledge that Brokers' Choice of America, Inc. will have the right to enforce this Protective Order in the District of Colorado and they consent to jurisdiction in the event that Brokers' Choice of America, Inc. alleges a violation of this Protective Order, the original Protective Order and/or the Amended Order.

Dated July 24, 2006.

                                                              BY THE COURT:

                                                              s/ Boyd N. Boland
                                                              United States Magistrate Judge

*s/ Jerry C. Bonnett*

_____    _____
Jerry C. Bonnett, Esq.                                  Robert D. Phillips, Jr.,
Bonnett, Fairbourn, Friedman & Balint, P.C.   Linda B. Oliver,
120 E. 36th Street                                        Kurtis J. Kearl
Durango, CO 81302                                     REED SMITH LLP
Phone: 970-247-9413                                 1999 Harrison Street, Suite 2400
Fax: 970-247-9560                                       Oakland, CA 94612-3572
Email:    jbonnett@bffb.com                        *Counsel for Defendant*

Counsel for Plaintiff

s/ Lawrence J. Field

_____
Lawrence J. Field, Esq.
Elizabeth Weit Reutter, Esq.
LEONARD, STREET and DEINHARD
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402

s/ Kevin E. O'Brien

_____
Kevin E. O'Brien, Esq.
Cristin J. Mack, Esq.
HALL & EVANS, L.L.C.
1125 17th Street, Suite 600
Denver, CO 80202-2052
303-628-3300
Fax: 303-293-3432
obrienk@hallevans.com
mackc@hallevans.com
*Counsel for Brokers' Choice of America, Inc.*

*Counsel for Defendant*

9